UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAX MARGULIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12-CV-2371 CAS ) |
| EURO-PRO OPERATING, LLC, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Euro-Pro Operating, LLC's Objections to Plaintiffs' Second Requests for Admission and Motion to Limit the Scope and Number of Requests for a Protective Order and/or, in the Alternative, to Extend the Time to Respond and Memorandum in Support. Plaintiff Max Margulis opposes the motion and it is fully briefed. For the following reasons, the motion will be granted and the Court will issue a protective order.

**Background**

Plaintiff is an attorney who regularly practices in the Eastern District of Missouri, although he is represented by counsel in this matter. This action arises from plaintiff's purchase of a vacuum cleaner system and certain accessories for a total purchase price of approximately $310.00. On a television commercial plaintiff viewed, the vacuum cleaner was advertised as being able to fit and operate under any bed, and came with a sixty-day money back guarantee. Plaintiff received the vacuum, found that it could not be operated under his bed, and attempted to return it and receive his money back.

Plaintiff returned the vacuum cleaner to defendant, but defendant continued to charge plaintiff's credit card for the purchase price installments, and failed to credit his account for the

return. Defendant then turned the account over to a collection agency, which began contacting plaintiff. Plaintiff was required to expend several hours of his time in telephone calls and correspondence to defendant and to his credit card issuer in attempts to resolve issues concerning the return and the credit card charges. Plaintiff's Amended Complaint asserts claims for violation of the Missouri Merchandising Practices Act and common law fraud, and seeks actual damages for his time expended (at the rate of $200 per hour) as well as punitive damages.

**Motion for Protective Order**

Defendant's motion states that on August 16, 2013, plaintiff served his Second Request for Admissions on defendant, consisting of 155 requests. Previously, plaintiff served a First Request for Admissions consisting of 154 requests, to which defendant responded. Defendant contends the second request for admissions is duplicative of other discovery previously served by plaintiff on defendant, is excessive in scope and number, and is oppressive and unduly burdensome and costly to defendant. Defendant asks the Court to issue a protective order that it not be required to respond to plaintiff's Second Request for Admissions. Defendant also states that this matter is set for mediation on October 3, 2013, and that it believes the parties should concentrate their efforts and economic resources on attempting to settle the case. Defendant asks in the alternative that it be granted an additional thirty (30) days to respond to plaintiff's Second Request for Admissions.

Plaintiff opposes defendant's motion, stating that in responding to his first request for admissions, defendant answered almost every request with a statement that it lacked or was without information sufficient to admit or deny the request. Plaintiff states that during a telephone conference call on July 12, 2013 between counsel, defendant agreed to supplement all of the admissions for which it claimed a lack of information to admit or deny, but that defendant has failed

to do so.  Plaintiff then submitted the Second Request for Admissions on August 16, 2013, to which defendant has failed to respond.

Plaintiff contends that he is entitled to have defendant's responses to the second request for admissions before the mediation on October 3, 2013, and asserts that all of the requested admissions are relevant to the issues in the case, are not duplicative, and concern the actions or inactions of the defendant.  Plaintiff also contends that the information sought is within defendant's possession and that he has no other method to obtain it.  Plaintiff states that he has not deposed the defendant, and the responses to the Second Request for Admissions will narrow the topics for any potential deposition.  Finally, plaintiff argues that if he does not have the responses to the Second Request for Admissions, the mediation date will have to be reset.  Plaintiff requests that if the Court extends the time for defendant to respond, that defendant be required to pay all of the mediator's costs.

Defendant replies that plaintiff's credit card was credited for the returned purchase in September 2012, before this suit was filed, and that the Amended Complaint seeks actual damages of $706.66 for plaintiff's time in resolving the billing error in addition to unspecified punitive damages.  Defendant asserts that given the nature and amount of the claim and the parties' basic agreement on the facts, plaintiff's Second Request for Admissions is "overkill, excessive and unnecessary."  Def.'s Reply at 1.  Defendant states that it has produced documents in response to plaintiff's first request for production of documents that provide information regarding its contact with plaintiff and third parties about plaintiff's account, and has advised plaintiff it has no tape recordings of any conversations between plaintiff and defendant or defendant's representatives other than those produced by plaintiff.  With respect to the nature of the Second Request for Admissions, defendant asserts:

3

>Plaintiffs' second requests for admission are largely duplicative of plaintiffs' initial written discovery requests and are not relevant to the issue of whether defendant defrauded plaintiffs and the information sought is largely not in defendant's possession or control. In both sets of discovery, plaintiffs request that defendant admit or deny specifics with respect to telephone conferences, emails or other forms of communication between Mr. Margulis and defendant; defendant's telephone conferences with third parties regarding Mr. Margulis or his account; and Mr. Margulis' telephone conferences, emails or other forms of communication with third parties. In both sets of discovery, plaintiffs, for the most part, request defendant to admit or deny information which is in the possession of plaintiffs and not a part of defendant's records. For example, Request Nos. 154-189 and 217-226 request defendant to admit or deny that it did not initiate any contact with Mr. Margulis; Request Nos. 190-211 request defendant to admit or deny that it did not initiate any contact with Commerce Bank, VISA, payment processor or financial institution, regarding Mr. Margulis' account; Request Nos. 228-241 request defendant to admit or deny it communicated with third parties regarding the Margulis account; Request Nos. 242-281 request defendant to admit or deny the substance of conversations between Mr. Margulis and defendant and Mr. Margulis and Commerce Bank; Request Nos. 284-293 request defendant to admit or deny defendant's contact with Commerce Bank, Sitel Worldwide Corporation and Full Circle Financial Services regarding the status and collection on Margulis' account; Request Nos. 295-309 request defendant to admit or deny Mr. Margulis' return of the vacuum and the crediting of his account. its representatives, except for those produced by plaintiff.

Def.'s Reply at 2-3.

Finally, defendant states that for purposes of settlement, it will proceed under the assumption that the factual allegations set forth in plaintiff's Amended Complaint and the Second Request for Admissions are true, and therefore plaintiff will not be prejudiced if his Second Request for Admissions are not completed prior to the mediation, if the Court orders that the requests be answered.

**Discussion**

Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes a court to issue orders concerning discovery to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense" on a showing of good cause. Rule 26(c)(1), Fed. R. Civ. P. "Although the federal rules permit liberal discovery, it 'is provided for the sole purpose of assisting in the

4

preparation and trial, or the settlement, of litigated disputes.'" Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984)). "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" Id. (quoting Seattle Times, 467 U.S. at 36). The moving party has the burden to demonstrate good cause for issuance of the protective order and that his claim of harm is based on more than stereotypical and conclusory statements. Id. at 926 (citing General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973)).

A leading federal procedure treatise explains that while the basic purpose of discovery is to bring out facts and information and obtain the production of documents, requests for admissions under Rule 36 of the Federal Rules are different, and are not designed to obtain discovery of the existence of facts and information. See 7 James Wm. Moore, et al., Moore's Federal Practice, § 36.02[1] (3d ed. 2013). Instead, requests for admissions are intended to eliminate issues that are not in dispute between the parties by establishing the admission of facts about which there is no real dispute, thus narrowing the issues for trial. Id. Requests for admissions are also intended to save costs by establishing uncontested facts without the time, trouble and expense of proving these facts through discovery. Id.

Requests for admissions should be simple and direct, as parties are not required to admit or deny requests that consist of vague or ambiguous statements. See 7 Moore's Federal Practice, § 36.10[6]. A request for admission may relate to (1) facts, or statements or opinions about the facts; (2) the application of law to fact, or statements or opinions about the application of law to fact; or (3) the genuineness of any described documents. Id., § 36.10[1]. Rule 36 provides the following instructions for answers to requests for admissions:

5

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a  matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Rule 36(a)(4), Fed. R. Civ. P.

The Court has carefully reviewed the parties' briefing and the discovery requests and responses attached thereto.  Focusing on plaintiff's first request for admissions and defendant's responses thereto, the Court finds that plaintiff has mischaracterized defendant's responses.  Contrary to plaintiff's statement that "Defendant stated on almost all the requests that 'it lacks [or, 'is without'] information sufficient to admit or deny this request," Pl.'s Mem. Opp at 2, ¶ 7, defendant admitted thirty-four (34) of plaintiff's requests, denied twenty-eight (28), admitted in part and denied in part six (6), stated that it was unable to admit or deny forty-six (46) based on a lack of information, objected to eighteen (18) as being irrelevant and immaterial because they were contrary to specific factual allegations in the Complaint, and objected to twenty-one (21) on the grounds that the requests were vague, ambiguous or compound, and/or sought a legal conclusion.

The Court finds that the sheer number of admissions sought by plaintiff in his first request for admissions is, on its face, abusive of the process intended by Rule 36, without even considering the additional 155 requests plaintiff has served.  In most civil cases before the undersigned, requests for admission are few and rarely exceed thirty (30) in number.[1]  This is not a factually or legally

---

[1] The Court notes that in August 2013, a draft proposed amendment to Rule 36(a)(2) was offered for public comment by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States.  The amendment would presumptively limit the number of requests to admit that may be served on any other party to twenty-five (25), including all discrete subparts, absent leave of court.  The Committee Notes states the proposed limit does not apply to requests to

6

complex case. There can be no legitimate reason for propounding 154 requests for admission, much less 309, apart from an attempt to multiply the proceedings, oppress and harass the defendant, and increase its costs in defending the action.

The Court finds that plaintiff's Second Request for Admissions, consisting of an additional 155 requests, is abusive of the Rule 36 process and is excessive, unduly burdensome and oppressive. The second request for admissions, while not literally duplicative of the first request, is substantially duplicative, as both sets largely focus on requests that defendant admit or deny specifics with respect to telephone conferences, emails or other forms of communication between plaintiff and defendant; defendant's telephone conferences with third parties regarding plaintiff or his account; and plaintiff's telephone conferences, emails or other forms of communication with third parties.

Having considered the foregoing, the Court finds that defendant has shown good cause for the issuance of a protective order, as being necessary to protect it from oppression, undue burden and expense. The Court will therefore order that defendant need not respond to plaintiff's Second Request for Admissions. Further, the Court sees no reason why the parties should not able to engage in a good faith effort at mediation of this case on October 3, 2013, given the facts and claims asserted in the Amended Complaint, the discovery that has occurred to date, and defendant's representation that it will assume the facts set forth in the Amended Complaint and the Second Request for Admissions are true for purposes of the mediation. Plaintiff's request that defendant be required to pay the full cost of mediation is denied.

---

admit the genuineness of any described document under Rule 36(a)(1)(B).  See http://www.uscourts.gov/RulesAndPolicies/rules/proposed-amendments.aspx, at 310-11.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Euro-Pro Operating, LLC's Objections to Plaintiffs' Second Requests for Admission and Motion to Limit the Scope and Number of Requests for a Protective Order and/or, in the Alternative, to Extend the Time to Respond and Memorandum in Support, is **GRANTED** to the extent that defendant need not respond to plaintiff's Second Request for Admissions. Defendant's alternative motion to extend the time to respond is **DENIED as moot**. [Doc. 32]

*[signature]*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of September, 2013.

8